BRIAN S. KABATECK, SBN 152054
RICHARD L. KELLNER, SBN 171416
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071-3801
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
GREGORY E. KELLER (To be admitted *Pro Hac Vice*)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

SHAWN KHORRAMI, SBN 180411
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, California 91411
Telephone: (818) 947-5111
Facsimile: (818) 947-5121

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., a North Carolina corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>GOOGLE, INC., a Delaware Corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 5:05 –cv-02885 RMW<br><br>**E-FILING**<br><br>**DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY** |
| STEVE MIZERA, an Individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>GOOGLE, INC., a Delaware Corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants | Judge: Hon. Ronald M. Whyte<br><br>Date Comp. Filed: July 17, 2005<br><br>Trial Date: None Set |

# DECLARATION OF RICHARD L. KELLNER

I, Richard L. Kellner, declare as follows:

1. I am a partner with Kabateck Brown Kellner ("KBK"), one of the class counsel for class plaintiff. I am licensed to practice before all of the Courts of the State of California and am admitted to practice before the United States District Court for the Northern District of California. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify to such matters.

2. KBK, Chitwood Harley Harnes LLP ("CHH") and the Law Offices of Shawn Khorrami are jointly prosecuting this action.

3. Counsel has been aware of an action that was filed on February 4, 2005 in the Circuit Court of Miller County, Arkansas, entitled *Lane's Gifts and Collectibles, LLC, et al. v. Yahoo! Inc., et al.* (Miller County, Ark., Case No. Civ-2005-52-1)("*Lane's Gifts.*")

4. From the outset of our prosecution of this calls action, we were aware that the putative class (including the class representatives) entered ***standardized contracts*** that require adjudication of disputes in Santa Clara County, California.

5. In fact, on October 14, 2005, Google filed a motion to dismiss the *Lane's Gifts* action. Among other things, Google sought dismissal on the ground that the putative class (as well as the representative plaintiffs) entered entered form contracts that require adjudication of disputes in Santa Clara County, California. A true and correct copy of the motion to dismiss is attached hereto as **Exhibit A**.

6. From statements made by Google and *Lane's Gift's* attorneys to the media, the proposed settlement amounts to this: (a) rather than pay cash or provide any meaningful relief to the class, Google has agreed to waive a 60 day contractual period contained in its customer's contracts to challenge its overcharging practices; (b) in exchange, its customers will have an opportunity to directly challenge with Google improperly charged "invalid clicks" and (instead of cash) receive credits for future online advertising in an amount that will be capped at $90 million minus any payments made to *Lane's Gift* attorneys; and (c) *Lane's Gift's* attorneys will receive *cash*, probably in a sum approaching $30 million.

7. My office, along with my co-counsel, have been excluded from all settlement

negotiations. Instead, Google has conducted all of its settlement negotiations exclusively with *Lane's Gifts* attorneys.

8. AIT will be prejudiced if this action is stayed. AIT has conducted substantial discovery in this action, including the review of hundreds of thousands of pages of documents (out of approximately 270,000 pages that have been produced.) In addition, AIT's counsel have taken the deposition of Shuman Ghosemajumder, the Google employee in charge of click fraud detection and Ramsey Homsany, Google's senior corporate counsel responsible for contracts with Google advertisers.

9. Attached as **Exhibit B** is a true and correct copy of a click-fraud study conducted by Incubeta.com and reported by MarketingExperiments.com, entitled "Documented Click Fraud in Three Google AdWords Campaigns".

10. The stock analysts have viewed the proposed settlement as a financial bonanza for Google. Attached as **Exhibit C** is a true and correct copy of a PiperJaffray report on the Google settlement.

11. Attached as **Exhibit D** is a true and correct copy of a post on John Battele's SearchBlog regarding the Google settlement.

12. Attached as **Exhibit E** is a true and correct copy of a New York Post article quoting Joe Holcomb regarding the Google settlement.

13. As counsel for AIT, my office and my co-counsel's office has been contacted by dozens of large customers of Google expressing concern about the proposed settlement.

14. Google contends that it needs to conduct substantial discovery in connection with its opposition to the motion for class certification. This argument is a complete "red herring." First, by virtue of entering a settlement agreement in Arkansas in which it tacitly acknowledges that class treatment is appropriate for the adjudication of a virtually identical class action claims, Google will be hard-pressed to formulate any opposition to AIT's motion for class certification. Second, because the only class representative that is being proffered in the certification proceeding is AIT, Google's discovery will probably be limited to the deposition of AIT and document requests.

15. Google's opposition is due on April 3, 2006. Accordingly, it is doubtful that Google will can or will serve any additional document requests.

I declare under penalty of perjury according to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 3rd day of March, at Los Angeles, California.

_/s/__Richard L. Kellner____
RICHARD L. KELLNER