Mizera v. Google Doc. 28


KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
DAVID J. SILBERT - #173128
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: ddurie@kvn.com
dsilbert@kvn.com

Attorneys for Defendant GOOGLE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., a North Carolina corporation, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. C 05 02579 RMW<br><br>Consolidated with<br>Case No. C 05 02885 RMW<br><br>**DEFENDANT GOOGLE INC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING SETTLEMENT**<br><br>Judge: Hon. Ronald M. Whyte<br><br>Date Comp. Filed: June 24, 2005<br><br>Trial Date: None set |
| STEVE MIZERA, an Individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | |


Dockets.Justia.com

## I. INTRODUCTION

When plaintiffs file identical class actions in different forums, it is inevitable that one of those suits will be resolved first. If that resolution is a settlement—as the vast majority are—it is equally inevitable that the plaintiffs who did not settle will attack the settlement as collusive, inadequate, and the product of a "reverse auction." Federal and state laws provide elaborate rules and procedures to consider those objections, requiring fairness hearings at which courts scrutinize class settlements. What those laws do not sanction, however—indeed, what principles of federal-state comity *prohibit*—is for one court to disdain and ignore another court's judgment. Yet that is exactly what AIT asks this Court to do.

AIT is wrong in asserting that the class settlement is inadequate in light of the case's supposed merits. But right or wrong, the proper forum for AIT to raise its objections is the Arkansas court, which will conduct the fairness hearing. This Court cannot, and should not, undermine the state court's jurisdiction by undertaking to evaluate those issues itself.

In the unlikely event that the Arkansas court agrees with AIT, it will reject the settlement. *See Ballard v. Martin*, 349 Ark. 564, 575 (Ark. 2002) ("no court should accept a settlement that is unfair or inadequate, and the burden is on the proponents of the settlement to show that the proposed settlement meets standards of fairness and adequacy"). In that case, AIT may resume this action within a matter of months, having suffered no prejudice. On the other hand, if the Arkansas court approves the settlement, as it almost certainly will, the settlement will bind class members as *res judicata*, and will resolve and *preclude* the class claims that AIT is asserting here. *See Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *East Texas Motor Freight Lines, Inc. v. Freeman*, 289 Ark. 539, 543 (1986). In that case, the intensive litigation activities that the parties and this Court will conduct in the coming weeks and months without a stay would be, at best, a waste of time and resources.

Because a stay will afford the proper deference to the state court's jurisdiction, will conserve the parties' and the Court's resources, and will not prejudice AIT, the Court should stay this action pending finalization of the class settlement.

## II. ARGUMENT

### A. Denying a stay for the reasons AIT urges would violate the principles of federal-state comity

As Google observed in its motion, when parties to a class action reach a settlement, federal courts have held it appropriate to stay even litigation in *other* courts to permit that settlement to be finalized—a far more drastic step than what Google is requesting here. *See, e.g., Sandpiper Vill. Condo. Ass'n v. Louisiana-Pacific Corp*., 428 F.3d 831, 845 (9th Cir. 2005); *In re Wireless Tel. Fed. Cost Recovery Fees Litig*., 396 F.3d 922, 927 (8th Cir. 2005). These decisions underscore the importance of facilitating settlements in class actions, and of ensuring that parallel class-action proceedings do not become a tool for other parties to try to derail those settlements. *Id.; see also Armstrong v. Board of Sch. Directors.*, 616 F.2d 305, 313 (7th Circ. 1980) ("In the class action context in particular, there is an overriding public interest in favor of settlement.")

AIT twists the teaching of those cases, however, by arguing that their guiding principle is that *federal* courts should assert priority over *state* courts. *See* Opp. at 5:4-8. If this Court were to deny a stay on that ground, it would violate the most basic principles federal-state comity, which mandate "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

Indeed, recognizing the requirements of comity, as well as the overriding interest in conserving judicial resources, federal courts have repeatedly stayed their own class-action proceedings when the defendant has reached a settlement in a parallel state class action—exactly as Google is requesting here. *See, e.g., Chartner v. Provident Mutual Life Ins. Co.,* 2003 WL 22518526 (E.D. Pa. 2003) (staying federal class action pending approval of class settlement reached in state court); *Schwartz v. Prudential–Bache Securities, Inc.*, 1991 WL 137157 (E.D. Pa. 1991) (same). This Court should do the same. That the settlement was reached in the

original state-court case, rather than this case, has no bearing on the need for a stay.[1] Nor do AIT's allegations that the settlement is unfair or inadequate.[2]

**B. A stay will conserve significant resources and will not prejudice AIT**

For all AIT's attacks on the merits of the settlement, and its entreaties to this Court to seize control of that issue from the state court, it does not dispute the fundamental circumstances that require a stay. AIT does not deny, because it could not, that under the "full faith and credit" provisions of federal law, if the Arkansas court approves the class settlement, that ruling will act as *res judicata* and bar AIT's class claims in this action. *See* discussion in Google's Motion at 4:5-16; *see also* Wright Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 4455 n.7; 18 *Moore's Federal Practice* § 131.4[3][c] (both noting that settlements of class actions bind all members of the class). Upon approval, therefore, the settlement will resolve, on a class-wide basis, all of the claims that AIT is asserting here.

For that reason, it would serve no purpose for the parties and this Court to spend the months pending approval strenuously litigating class certification, discovery, and other issues (as they unquestionably will), when those activities will have no effect on the resolution of the claims. On the other hand, in the unlikely event that AIT is correct, and the state court will not approve the settlement, then this action may resume after only a brief delay, with no prejudice to

[1] AIT's contention that the state-court settlement is not entitled to deference is particularly ironic considering that Google *tried* to remove the Arkansas case to federal court, but both the district court in Arkansas and, on appeal, the Eight Circuit ordered it remanded to the state court. Under AIT's view, therefore, federal courts may order Google to litigate in state court, but they should prohibit it from settling in that forum.

[2] While the merits of the settlement are not properly before this Court, and the parties will address them fully at the fairness hearing in Arkansas, even a cursory review of AIT's claims shows that its protests are unsupported. Unlike the Arkansas plaintiffs, who allege in the alternative that Google's contracts with class members (including the forum-selection clause) are void and unenforceable, AIT has conceded the enforceability of those contracts. Further, AIT alleges that those contracts provided that advertisers pay "*whenever someone clicks on your ad*," and that only "[c]licks *that Google determines* invalid" will be filtered from advertisers' bills. *See* Declaration of Clarence E. Briggs in Support of Motion for Class Certification ¶¶ 7 and 8 (emphasis added). It further alleges that the contracts provide that advertisers "*waive all claims relating to charges unless claimed within 60 days after the charge*." *Id.* Ex. A (emphasis added). And while AIT objects that the settlement fund includes credits, it alleges that the contracts specifically provide that "[r]refunds (if any) are at the discretion of Google *and only in the form of advertising credit for Google Properties*." *Id.* (emphasis added). This is but a small sampling of the reasons, both legal and factual, that AIT's claims cannot be certified as a class action, and would fail on the merits in any event.

AIT.

Courts should exercise their discretion to stay proceedings to conserve judicial resources and to ensure that each case is adjudicated "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted). Under these circumstances, that policy, as well as principles of federal-state comity, and the interest in facilitating class-action settlements, mandate staying these proceedings pending approval of the class settlement.

## III. CONCLUSION

For these reasons, Google respectfully requests that the Court grant its motion to stay.

Dated: March 16, 2006

KEKER & VAN NEST, LLP

By: ________/s/ David Silbert ________
DAVID J. SILBERT
Attorneys for Defendant GOOGLE, INC.