**E-FILED on**    4/5/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., a North Carolina corporation, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | No. C-05-02579 RMW;<br><br>    Consolidated with No. C-05-02885 RMW<br><br>ORDER REGARDING STAY REQUEST<br><br>**[Re Docket Nos. 20, 25, 28, 29 in C-05-02885]** |

    Defendant Google, Inc. moves to stay two consolidated putative class actions brought against it pending settlement negotiations in a similar class action in Arkansas state court. For the reasons given below, the court grants the motion.

## I. BACKGROUND

    Google sells advertising online. The plaintiffs in the present action allege that Google has fraudulently over-billed those who purchase advertising from it on a per-click basis. The two separate actions before this court were filed on June 24 and July 15, 2005, and, pursuant to the stipulation of the parties, were consolidated on January 26, 2006. On March 3, 2006, plaintiff

Advanced Internet Technologies, Inc. ("AIT") moved for class certification; that motion is currently set for hearing on May 12, 2006.

On February 17, 2005, a group of plaintiffs filed a second amended complaint against Google and other online advertisers in Arkansas state court; the gravamen of the Arkansas complaint is that the defendants overcharged the plaintiffs for pay-per-click advertising.  *See* Silbert Decl., Ex. A.  The parties have reportedly reached a tentative settlement in the Arkansas action.  Silbert Decl. ¶ 7.  The Arkansas court rejected AIT's motion to intervene there as untimely, noting that "the parties were in the late stages of reaching an agreement which would resolve" the matter as to Google.  Keller Decl., Ex. 2 (Letter dated Mar. 31, 2006 from Judge Joe E. Griffin) at 3.[1]  The Arkansas court is scheduled to conduct a hearing regarding approval of this settlement on April 20, 2006.  Keller Decl., Ex 3 (Carter Decl.) ¶¶ 2-4.

## II.  ANALYSIS

### A.  Motion practice under the Local Rules

AIT objects that Google's stay request is not the proper subject for an administrative motion. Under Civil L.R. 7-10(b), miscellaneous administrative requests are for matters along the lines of "requests to exceed otherwise applicable page limitations or requests to file documents under seal." A request for a stay in a putative class action is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. 7-10(b).  However, given the substantial merit of Google's request and the lack of prejudice to AIT, which filed an opposition to Google's motion, the court will consider Google's motion for a stay as having been made pursuant to a motion to shorten time.

### B.  Stay

"[O]verlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity."  *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003).  There are, however, several exceptions to this—such as the *Rooker-Feldman* doctrine and *Younger* abstention.  *Id*.  "In addition, a federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so."  *Id*. at 1160.  Whether or

---

[1] The court grants AIT's request to file supplementary material that was not available at the time it filed its opposition to Google's motion.

1  not proceedings in federal court are stayed during the pendency of state-court litigation, "a federal
2  court must give the same preclusive effect to a state court judgment as the state courts of that state
3  would themselves give to that judgment." *Id*. at 1159; *see* 28 U.S.C. § 1738.

4        AIT advances no compelling reason why this court should not stay this action.  AIT argues
5  that the Arkansas court may lack jurisdiction over the suit against Google.  AIT also argues that any
6  settlement reached in Arkansas will be unfair because Google has selected the plaintiffs with the
7  worst lawyers for settlement negotiations.  *See Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282
8  (7th Cir. 2002) (Posner, J.) (describing "reverse auction").

9        Settlement of the Arkansas class action would have a material impact on the action here.  The
10  preclusive effect of the Arkansas litigation could substantially affect the number of class members
11  with viable claims against Google here.  Proceeding with AIT's motion for class certification under
12  these circumstances would be a waste of judicial resources, as progress in the Arkansas suit could
13  require this court to revisit any ruling on AIT's motion.  Furthermore, AIT could have raised its
14  objections to the merits of the Arkansas litigation in Arkansas but did not do so in a timely manner.
15  Google's motion for a stay is granted.

16  **III.  ORDER**

17  For the foregoing reasons, the court rules as follows:

18  1.  Google's motion to stay is granted and the stay will remain in effect until further
19  order of this court.

20  2.  Once the currently proposed settlement involving Google in the Arkansas state-court
21  litigation has been preliminarily approved or rejected by the trial court there, any
22  party to this action may move to lift the stay here, if it has not been lifted earlier by
23  order of this court.

24  3.  Pursuant to the usual practice in consolidated cases, all future filings shall be use the
25  lower case number, C-05-02579 RMW; nothing shall be filed in Case No. C-05-
26  02885 RMW.

27
28  DATED:     4/5/06                    /s/ Ronald M. Whyte
                                         RONALD M. WHYTE
                                         United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Darren T. Kaplan | dkaplan@chitwoodlaw.com |
| Frank E Marchetti | |
| Gregory E. Keller | gkeller@chitwoodlaw.com |
| Richard L Keller | rlk@kbklawyers.com |
| Shawn Khorrami | skhorrami@khorrami.com |

**Counsel for Defendants:**

| | |
|---|---|
| Daralyn J. Durie | ddurie@kvn.com |
| Clement S. Roberts | CSR@KVN.com |
| David J. Silbert | djs@kvn.com |
| Ryan Marshall Kent | rmk@kvn.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   4/5/06                            /s/ JH
                                    **Chambers of Judge Whyte**